UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                        Case No. 11-11315
                                           Honorable Patrick J. Duggan

RONNIE E. CROMER, JR.,

      Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND WITNESS LIST

      Plaintiff, United States of America, filed this lawsuit against Defendant to collect money owed on a series of student loans. After attending a scheduling conference before this Court on May 18, 2011, Plaintiff essentially abandoned the case until October 3, 2011, when it filed a motion for extension of time to file a summary judgment motion and witness list– after the deadlines set forth in the Court's Scheduling Order to do both had long expired.[1] This Court referred Plaintiff's motion to Magistrate Judge Laurie J. Michelson for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

      On October 24, 2011, Magistrate Judge Michelson issued an order granting in part and denying in part Plaintiff's motion. (Doc. 18.) Finding that the balance of the relevant factors do not support a finding of excusable neglect on the failure of Plaintiff's counsel

---

[1] Pursuant to the Court's May 18, 2011 Scheduling Order, the deadlines for discovery and the filing of dispositive motions were, respectively, August 15 and September 1, 2011. (*See* Doc. 7.)

to timely file a motion for summary judgment, Magistrate Judge Michelson denied Plaintiff's request for an extension of time to file the motion. Magistrate Judge Michelson, however, granted Plaintiff's request for an extension of time for the parties to exchange witness lists. Plaintiff filed objections to Magistrate Judge Michelson's order on November 1, 2011. (Doc. 20.)

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's decision must be affirmed unless the objecting party demonstrates that the decision is "clearly erroneous" or "contrary to law." *Id*. A district court may not reverse a magistrate judge's ruling on a non-dispositive matter simply because the court would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Instead, the court may reverse only "'. . . when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 573, 105 S. Ct. at 1511 (quoting *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rule or procedure.'" *SEC v. McKnight*, No. 08-11887, 2009 WL 1107675, at *1 (E.D. Mich. Apr. 22, 2009) (quoting *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

Magistrate Judge Michelson's decision is neither clearly erroneous nor contrary to law. Plaintiff in fact does not attempt to make this showing, apparently believing

incorrectly that this Court's review of the magistrate judge's order is subject to the same standard as a report and recommendation. *Compare* 28 U.S.C. § 636(b)(1)(A) *with* § 636(b)(1)(C). Even if this Court were to review Magistrate Judge Michelson's decision *de novo*– as required when objections are made to a report and recommendation– it likely would reach the same conclusion as the magistrate judge. Until recently, Plaintiff has neglected this lawsuit and its neglect has not been excusable.

Accordingly,

**IT IS ORDERED**, that Plaintiff's objections to Magistrate Judge Michelson's October 24, 2011 Order are **DENIED**.


Date:  November 10, 2011

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Charles J. Holzman, Esq.
Tamara Pearson, Esq.
Ronnie E. Cromer Jr., Esq.